# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO A. RAMIREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>D. YOUNGBLOOD, et al.,<br><br>  Defendants. | Case No.  1:15-cv-01081-SAB-PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>THIRTY-DAY DEADLINE |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Currently before the Court is Plaintiff's complaint, filed July 8, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on August 12, 2015 (ECF No. 5).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, currently in the custody of the U.S. Bureau of Prisons at USP Lompoc, brings this action against Defendants Kern County Sheriff, Kern County Sheriff's Office and the U.S. Marshal's Service. The conduct at issue occurred while Plaintiff was a federal pretrial detainee housed at the Kern County Jail. Plaintiff claims that Defendants were deliberately indifferent to his serous medical needs.

Plaintiff alleges that while taking a shower on June 28, 2013, he fell and broke his finger. Plaintiff alleges that he was "denied a X-ray or to be seen by a Doctor until July 18, 2013." (Compl. ¶ IV.) On July 18, 2013, Plaintiff was seen by the doctor. The doctor explained to Plaintiff that because of the delay in in getting medical care, he could not properly treat the broking finger. Plaintiff alleges that the doctor "explained since the delay of medical treatment

my hand would never be the same, I would never have full use of my hand and would be disabled for life." Plaintiff alleges that he was left with two options. He could have the bone re-set and not be able to bend or use his finger or he could have the bone removed from the finger and regain some use of his hand with proper therapy.

### III.

### DISCUSSION

#### A.  Medical Care

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused

harm.  <u>Jett</u>, 439 F.3d at 1096.

Here, Plaintiff has alleged facts indicating that he suffered an objectively serious medical condition and that the delay in treatment caused him injury.  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1061 (9th Cir. 1992).   Plaintiff has clearly alleged that the delay in treating his broken finger resulted in a permanent disability.

Plaintiff has not, however, alleged facts indicating that an individual Defendant knew of and disregarded Plaintiff's medical condition.  Plaintiff names as Defendants the Kern County Sheriff, the Kern County Sheriff's Office, and the U.S. Marshal's Service.  Plaintiff is advised that the statute under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C.§ 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff.  See <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).   In order to hold an individual liable, Plaintiff must allege facts indicating that the individual was aware of Plaintiff's broken finger and engaged in conduct that resulted in a delay of medical treatment.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### B.   Supervisory Liability

As to Defendant Sheriff Youngblood, Plaintiff is advised that government officials may

4

1 not be held liable for the actions of their subordinates under a theory of respondeat superior.
2 Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable
3 under a theory of vicarious liability for section 1983 actions, Plaintiff must plead facts indicating
4 that Sheriff Youngblood violated the Constitution through his own individual actions.  Id. at 673.
5 In other words, to state claim for relief under section 1983, Plaintiff must link Sheriff
6 Youngblood with some affirmative act or omission that demonstrates a violation of Plaintiff's
7 federal rights.  Plaintiff has failed to do so here.  Defendant Youngblood should therefore be
8 dismissed.

### C. Kern County Sheriff's Office

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . .was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Plaintiff does not allege any facts suggesting liability by the Kern County Sheriff's Office.  Defendant Kern County should therefore be dismissed.

### D. U.S. Marshal's Service

Section 1983 provides that if a person acting under color of state law deprives a citizen of the United States of rights guaranteed by the United States Constitution or a federal law, that person will be liable to the party injured "in an action at law, suit in equity, or other proceeding for redress."  42 U.S.C. § 1983.  "By its very terms, § 1983 precludes liability in federal government actors."  Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997). The U.S. Marshal's Service should therefore be dismissed as a Defendant.  Other remedies may be available to Plaintiff, but not under Section 1983.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 8, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a an amended complaint; and

//

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 17, 2015**

_____
UNITED STATES MAGISTRATE JUDGE

7