# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ABURTO RAMIREZ,<br><br>           Plaintiff,<br><br>   v.<br><br>D. YOUNGBLOOD, et al.,<br><br>           Defendants. | Case No.  1:15-cv-01081-SAB-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND FAILURE TO PROSECUTE<br><br>(ECF NOs. 13, 14) |

Plaintiff Fernando Ramirez is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

On May 13, 2016, the Court dismissed Plaintiff's January 13, 2016, first amended complaint for failure to state a cognizable claim for relief and Plaintiff was granted thirty days to file an amended complaint. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).  Plaintiff was warned that if he failed to comply, this action would be dismissed, with prejudice, for failure to state a claim and failure to prosecute.  (ECF No. 13 at 7:2.)  Plaintiff failed to file an amended complaint, and on June 21, 2016, an order to show cause was entered, directing Plaintiff to show cause, within thirty days, why this action should not be dismissed for failure to state a claim and failure to comply with a Court order. (ECF No. 14.)  More than thirty days have passed, and Plaintiff has

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on August 12, 2015. (ECF No. 5.)

not complied with or otherwise responded to the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of this action. <u>Bautista v. Los Angeles Cnty.</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006)(internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id</u>. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, as a result, there is no pleading on file which sets forth any claims upon which relief may be granted, and the Court is left with no alternative but to dismiss the action for failure to state a cognizable claim for relief. <u>Id</u>. Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a cognizable claim for relief, and failure to prosecute; and
2. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 29, 2016**

UNITED STATES MAGISTRATE JUDGE